NOT DESIGNATED FOR PUBLICATION

No. 114,873

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEX CONCEPCION,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 2, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*: Alex Concepcion appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Concepcion's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Finding no error, we affirm the district court.

On August 2, 2010, Concepcion pled no contest to one count possession of marijuana with intent to cultivate within 1,000 feet of a school, one count possession of drug paraphernalia with intent to cultivate a controlled substance, and one count possession of marijuana. The district court sentenced Concepcion to a 36-month term of probation with an underlying sentence of 78 months in prison. Concepcion did not appeal his original sentence.

1

On December 30, 2014, the State moved to revoke Concepcion's probation based on allegations that he breached the following conditions of his release on probation: (1) engaging in illegal activity when he was convicted of burglary in July 2013, (2) failing to report as directed in 4 months during 2014, (3) testing positive for THC and alcohol and admitting he smoked marijuana and drank vodka, (4) testing positive for alcohol and denying he drank that day, and (5) failing to make payments on his case. The district court issued a bench warrant for Concepcion's arrest based upon the probation violations alleged in the motion and set the matter for a probation revocation hearing. At the revocation hearing, Concepcion admitted to all of the State's allegations. As a result, the district court revoked Concepcion's probation and imposed the underlying 78-month prison sentence.

Concepcion appeals the district's court decision to revoke his probation and impose the underlying sentence of prison. Notably, however, he does not elaborate on why the decision to revoke probation and impose the underlying sentence was error or cite any authority to support his claim. Failure to support a point with pertinent authority is the equivalent to failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). "An issue not briefed by an appellant is deemed waived and abandoned." *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). Unless otherwise required by law, which is not the case here, the opportunity to serve probation in lieu of an underlying sentence is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven one or more conditions of probation have been violated, the decision to revoke probation lies within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). On review, we will not find the district court abused its discretion unless we can say the court's action: (1) was arbitrary, fanciful, or unreasonable; (2) was based on an error of law; or (3) was based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Wells*, 289 Kan. 1219, 1226, 221 P.3d 561 (2009).

We conclude that the evidence clearly supports the district court's decision to revoke Concepcion's probation. Concepcion admitted to multiple violations of the terms of his probation, including committing a new offense. Under these circumstances, the court was well within its discretion in revoking Concepcion's probation and ordering imprisonment.

Affirmed.